UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERMAN MANSON,               : | |
|     Plaintiff,               : | |
|                               : | PRISONER |
| v.                            : | CASE NO. 3:11-cv-1591 (VLB) |
|                               : | |
| WARDEN MALDONADO, et al.,     : | |
|     Defendants.              : | |

### ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He seeks damages from defendants Warden Maldonado, Director of Security Kim Weir, Lieutenant Pafumi, Captain Hines and Deputy Warden Faucher. The plaintiff alleges that defendant Pafumi sexually and verbally harassed him and the remaining defendants failed to rectify the situation. He seeks damages and injunctive relief.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford

the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on August 18, 2011, while he was lying face-down on his bunk to be handcuffed before being taken to recreation, defendant Pafumi hit him in the rectal area with a hard object.  The plaintiff reported the incident during the next shift.  Defendant Pafumi learned that the plaintiff had reported the incident and has been threatening the plaintiff.  Since then, the plaintiff has refused to go to recreation when defendant Pafumi would be the escorting officer.  The plaintiff reported the incident to defendant Maldonado and the Connecticut State Police.  The plaintiff was not satisfied with the State Police investigation.  Defendant Faucher responded to the plaintiff's letter to defendant Maldonado.  The plaintiff also wrote to defendant Weir and reported the incident verbally to defendants Hines, Faucher and Maldonado.  None of these defendants have taken any steps to end the harassment.

The court concludes that the complaint should be served on the named

defendants in their individual and official capacities.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The Pro Se Prisoner Litigation Office shall verify the current work addresses for each defendant with the Department of Correction Office of Legal Affairs.  The Pro Se Prisoner Litigation Officer shall mail waiver of service of process request packets to each defendant in his or her individual capacity within fourteen (14) days of this Order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     The Pro Se Prisoner Litigation Office shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the amended complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within fourteen (14) days from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(3)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of

the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 9, 2012.